**IN THE COURT OF APPEALS OF IOWA**

No. 14-1674
Filed June 24, 2015

**IN THE INTEREST OF K.R.,**
      **Minor Child,**

**J.R.,**
      Petitioner-Appellee,

**C.W., Father,**
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A father appeals an order terminating his parental rights. **AFFIRMED.**

Molly E. Alley of Oliver Gravett Law Firm, P.C., Windsor Heights, for appellant.

Nicholas Cooper and Sara S. James of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

Cami N. Eslick of Eslick Law, Indianola, attorney for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

The mother of a four-year-old child petitioned to terminate the parental rights of the father. After hearing testimony and receiving exhibits into evidence at trial, the court terminated the father's parental rights. The father has appealed.

The father argues there was not clear and convincing evidence that he abandoned the child under Iowa Code section 600A.8(3)(c) (2013) and termination was not in the child's best interests. We have reviewed the record de novo. The district court filed a written Findings of Fact, Conclusions of Law, and Order that identified and considered all the issues presented. We approve of the reasons and conclusions in the opinion and determine a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d).

The district court properly determined that the father had failed to maintain substantial and continuous or repeated contact with the child and had failed to contribute to the support of the child in a reasonable amount. The mother did not go out of her way to make it easy for the father, but the responsibility to be a parent remained with him. We further find that his actions defy his expressions of subjective intent to parent the child, and the father has failed to demonstrate any genuine intent to assume any duties imposed by the parent-child relationship. *See* Iowa Code §§ 600A.8(3)(c), .2(19). In August of 2012, the father moved to the east coast to live with a woman he met on the internet and only met once in person, and has remained unemployed for the last three years.

We agree termination of the father's parental rights is in the best interests of the child.

Accordingly, we affirm pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**